IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**VINCENT GREGORY BAISI,**

  **Plaintiff,**

v.               Case No. 3:24-cv-00162

**CPL. JOHN BLEAVINS;**
**LT. JAMES IRWIN;**
**WESTERN REGIONAL JAIL;**
**COUNSELOR JOE MOORE;**
**CARL ALDRIDGE,**

  **Defendants.**

## ORDER

  Pending is Plaintiff's Motion for Deposition of Witnesses. (ECF No. 17). The Motion is **DENIED**, because a motion is not necessary for the scheduling of depositions after the discovery process begins. The discovery process will begin immediately after the initial status conference.

  Plaintiff is notified that if he wishes to take a deposition, he must follow the procedures set out in Federal Rule of Civil Procedure 30. He will have to arrange for a court reporter and pay the fee for original copies of the transcripts setting out the testimony of witnesses that he schedules. "Civil litigants, including pro se litigants, generally bear their own deposition costs." *Stewart v. Union Cnty. Bd. of Educ.*, 655 Fed. Appx.151, 157, n. 4 (3d Cir. 2016). "There is no provision in the in forma pauperis statute for the payment by the government of the costs of deposition transcripts, discovery costs, or any other litigation expenses, and no other statute authorizes courts to commit federal

monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." *Gochie v. Beaver*, No. 5:18-CV-148-FDW, 2019 WL 2088426, at *5 (W.D.N.C. May 13, 2019); *also Blackwell v. Houser,* Case No. 5:16-cv-67-FDW, 2017 WL 392184, at *3 (W.D.N.C. Jan. 27, 2017) (collecting cases). Plaintiff can obtain affidavits from the witnesses as long as his communications with the witnesses comply with Division of Corrections' policy.

It is so **ORDERED**.

The Clerk is instructed to provide a copy of this Order to Plaintiff and counsel of record.

**ENTERED:** June 25, 2024

Cheryl A. Eifert
United States Magistrate Judge