IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**VINCENT GREGORY BAISI,**

    **Plaintiff,**

v.                                                    Case No. 3:24-cv-00162

**CPL. JOHN BLEAVINS;**
**LT. JAMES IRWIN;**
**WESTERN REGIONAL JAIL;**
**COUNSELOR JOE MOORE;**
**CARL ALDRIDGE,**

    **Defendants.**

### MEMORANDUM OPINION AND ORDER

Pending are Plaintiff's Motion for Assistance of Counsel, (ECF No. 30), and Motion to Serve Interrogatories. (ECF No. 31). For the following reasons, the Motions are **DENIED**.

To begin, as has been explained to Plaintiff, he does not file motions to conduct discovery. The Court does not participate in discovery unless there is a discovery dispute that the parties cannot resolve after meeting and conferring. If Plaintiff wishes to serve interrogatories on a defendant, then he sends the questions to counsel for the defendant and files a Certificate of Service with the Clerk of Court. The Certificate of Service is simply a statement from Plaintiff indicating that he has served interrogatories on the defendant by mailing them to counsel on a specific date. Plaintiff can proceed to serve interrogatories, requests for production of documents, and/or requests for admissions on any defendant who has been served with process and has appeared in the case. Again, that

1

is accomplished by sending the interrogatories, document requests, and requests for admission directly to **counsel for the defendant**, **not by filing a motion with the Court**. The Court cannot act as an advocate or lawyer for Plaintiff.

In addition, interrogatories cannot be served on witnesses who are not parties to the case. Furthermore, the Court does not serve discovery requests, interview requests, or any similar requests to witnesses. Plaintiff himself must arrange to obtain testimony or affidavits from the witnesses.

With respect to Plaintiff's request for the appointment of counsel, Plaintiff has no constitutional right to counsel in a civil action brought under 42 U.S.C. § 1983. 28 U.S.C. § 1915(e)(1); *see also Hardwick v. Ault,* 517 F.2d 295, 298 (5th Cir. 1975). Although the Court has some discretion in assigning counsel, the United States Court of Appeals for the Fourth Circuit has clearly stated that motions for the appointment of counsel in civil (as opposed to criminal) actions should be granted "only in exceptional cases." *Cook v. Bounds,* 518 F.2d 779, 780 (4th Cir. 1975). When determining whether a particular case rises to that level, the Court must consider the complexity of the claims in dispute and the ability of the indigent party to present them, as well as other factors like the merits of the case. *Whisenant v. Yuam,* 739 F.2d 160, 163 (4th Cir. 1984). Inexperience with the law and status as a prisoner do not constitute "exceptional circumstances," especially in the pretrial stages of litigation. *Banks v. Gore,* 738 Fed. Appx. 766, 772 (4th Cir. 2018). Indigency alone does not warrant the appointment of counsel. *Fulton v. Worcester Superior Court Dept.,* No. 18-cv-40048-DHH, 2018 WL 3637974, at *3 (D. Mass. July 31, 2018) (holding that the appointment of counsel in a civil action requires both indigency and exceptional circumstances).

Here, Plaintiff argues that his inability to find pro bono counsel, his lack of legal training, and his indigency are sufficient reasons to appoint counsel. As stated, however, those circumstances are not exceptional. A review of the complaint indicates that Plaintiff is quite capable of stating his claims, and his claims are not complex. The discovery process was explained to Plaintiff at a status conference, and he has started to conduct discovery. Accordingly, at this point in the litigation, Plaintiff has not demonstrated exceptional circumstances meriting the appointment of counsel. Should circumstances change in the future, the matter of the appointment of counsel can be reassessed. It is so **ORDERED**.

The Clerk is instructed to provide a copy of this Order to Plaintiff and counsel of record.

**ENTERED:** July 9, 2024

Cheryl A. Eifert
United States Magistrate Judge