IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**VINCENT GREGORY BAISI,**

      **Plaintiff,**

v.                                                                         Case No. 3:24-cv-00162

**CPL. JOHN BLEAVINS;**
**LT. JAMES IRWIN;**
**WESTERN REGIONAL JAIL;**
**COUNSELOR JOE MOORE;**
**CARL ALDRIDGE,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiff's Motion for the Assistance of Counsel. (ECF No. 34). For the following reasons, the Motion is **DENIED**. The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") recently discussed the appointment of counsel in civil cases brought by indigent prisoners. *See Jenkins v. Woodard,* --- F.4th ---, 2024 WL 3490967 (4th Cir. Jul. 31, 2024). The Fourth Circuit reiterated that the provision of counsel is not mandatory in civil cases; rather, district courts have discretion to appoint counsel. However, a district court abuses that discretion if it declines to appoint counsel in a case where "an indigent person presents exceptional circumstances." *Id.,* at *4 (quoting *Whisenant v. Yuam,* 739 F.2d 160 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989)). To determine if exceptional circumstances exist, the district court must conduct a fact specific, two-part inquiry. *Id.* As the Fourth Circuit explained:

1

> That inquiry requires the court to determine (1) whether the plaintiff has a colorable claim and (2) considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff lacks the capacity to present it. If both questions are answered affirmatively, the case presents exceptional circumstances.

*Id.* (internal markings and citations omitted). Considering the first inquiry, Plaintiff claims that he has been denied religious texts and meals and suffered discrimination as a result of his religious beliefs. Plaintiff has a constitutional right to exercise his religious beliefs and receive religious materials and meals under certain circumstances; thus, his claim is colorable. It is too early in the process, however, to determine whether the claim is meritorious.

Examining the second inquiry, the claim is not particularly complex. Whether or not Plaintiff was denied his meals and texts should not be difficult to establish. He has very clearly explained the factual circumstances he experienced. Although Plaintiff claims he is not knowledgeable enough about the law to represent himself, he has proven himself to be extremely articulate through his various written motions and statements made during the status conference. His response to Defendant Aldridge's Motion to Dismiss is well-written, cogent, and supported by multiple exhibits. (ECF Nos. 20 through 20-18). Plaintiff certainly does not possess the limitations discussed in the *Jenkins* case.

The primary reasons given by Plaintiff for the appointment of counsel are that (1) he is indigent; (2) he lacks experience in legal matters; (3) he is in jail; and (4) he has not been able to retain a lawyer. Plaintiff is particularly concerned about his ability to "navigate through the more technical aspects and procedures." (ECF No. 34 at 2). These reasons are not exceptional. Even lawyers have problems navigating the technical aspects of litigation. Here, the Court has explained basic procedures to Plaintiff and given him guidance on how to obtain information he seeks. Many of the witnesses are in jail with

Plaintiff or can be contacted through correspondence. The litigation is not at a point in its development where technical issues have arisen. Plaintiff has initiated discovery. Furthermore, Plaintiff has been advised that if the circumstances of the case change (for example, it proceeds to trial), he can renew his request for counsel. (ECF No. 32). However, at this time, he has not demonstrated exceptional circumstances meriting the appointment of counsel.

    The Clerk is directed to provide a copy of this Order to Plaintiff, counsel of record, and any unrepresented party.

**ENTERED:** August 7, 2024

_____
Cheryl A. Eifert
United States Magistrate Judge