## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

VINCENT BAISI,

                              Plaintiff,

v.                                                    CIVIL ACTION NO. 3:24-00162

JOHN BLEAVINS,
LLOYD ERWIN,
WESTERN REGIONAL JAIL,
JO MOORE, and
CARL ALDRIDGE,

                              Defendants.

### MEMORANDUM OPINION & ORDER

Plaintiff, acting *pro se*, brought constitutional claims against several defendants pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 2. Pending before the Court are the following: (1) Defendant Aldridge and the Western Regional Jail's Motion to Dismiss for Failure to State a Claim (ECF No. 12); (2) Plaintiff's Motion to Include Defendant (ECF No. 21); (3) Defendant Moore's Motion to Dismiss With Prejudice (ECF No. 45); (4) Defendant Erwin's Motion to Dismiss With Prejudice (ECF No. 47); and (5) Defendants' Motion to Strike Plaintiff's Amended Complaint Filed Without Leave of the Court (ECF No. 61). These motions were referred to Magistrate Judge Omar Aboulhosn for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Magistrate Judge Aboulhosn submitted proposed findings of fact and has recommended that the Court grant Defendant Aldridge and the Western Regional Jail's Motion to Dismiss (ECF No. 12); deny Plaintiff's Motion to Include Defendant (ECF No. 21); grant Defendant Moore's Motion to Dismiss (ECF No. 45); grant Defendant Erwin's Motion to Dismiss (ECF No. 47); deny

Defendants' Motion to Strike Plaintiff's Amended Complaint Filed Without Leave of the Court (ECF No. 61); and refer the matter back to Magistrate Judge Aboulhosn for further proceedings concerning Defendant Bleavins. *See* ECF No. 71. Plaintiff timely filed his Objection to Court Findings. *See* Obj., ECF No. 72.

The Court has reviewed *de novo* those portions of the Proposed Findings and Recommendation (hereinafter "PF&R") to which there are specific objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court **DENIES** Plaintiff's objections and **ADOPTS** and **INCORPORATES** the Proposed Findings and Recommendation (ECF No. 71).

## STANDARD

The Court will liberally construe Plaintiff's Complaint and other documents because he is proceeding *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the Court is mindful that it "may not construct the plaintiff's legal arguments for him." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). When reviewing objections to the Magistrate Judge's proposed findings and recommendations, this Court is required to make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. 28 U.S. § 636(b)(1). "However, the Court is not required to review, *de novo* or by any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed." *Corr v. Bureau of the Pub. Debt*, 987 F. Supp. 2d 711, 716 (S.D.W. Va. 2013) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)).

## DISCUSSION

Plaintiff objected to the dismissals of Defendants Western Regional Jail, Carl Aldridge, and Jo Moore. Obj. at 1-8.

## I.     Objection to Dismissal of Western Regional Jail

Magistrate Judge Aboulhosn found that the Western Regional Jail must be dismissed as a defendant because it is not a "person" as required by § 1983. PF&R at 11. Plaintiff objects to the dismissal of Western Regional Jail as an improper defendant.[1] Obj. at 7. He argues that it is inaccurate to state that the jail is an improper defendant because the facility carries insurance for liability and wrongful acts. Obj. at 7.

It is well-established that the arm of the state government that operates the Western Regional Jail is not a proper defendant because it is not a "person" within the meaning of § 1983 and has immunity from suit under the Eleventh Amendment. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989); *see also Harper v. Magistrate & Cir. Cts. of Cabell Cnty.*, No. CV 3:24-00113, 2024 WL 3440452, at *3 (S.D.W. Va. July 17, 2024); *Salmons v. W. Reg'l Jail Auth.*, No. CV 3:18-1447, 2019 WL 5616916, at *1 n.1 (S.D.W. Va. Oct. 30, 2019); *Kinder v. PrimeCare Med., Inc.*, No. CIV.A. 3:13-31596, 2015 WL 1276748, at *2 (S.D.W. Va. Mar. 19, 2015). Accordingly, the Court denies this objection.

## II.     Objection to Dismissal of Carl Aldridge

Magistrate Judge Aboulhosn found that Superintendent Carl Aldridge must be dismissed as a defendant because Plaintiff failed to establish supervisory liability. PF&R at 17. He found Plaintiff's Complaint failed to allege specific facts demonstrating that Aldridge was personally involved in violating any of Plaintiff's constitutional rights. PF&R at 16. Magistrate Judge

---

[1] Defendants Western Regional Jail and Superintendent Carl Aldridge note that the Western Regional Jail is not a distinct legal entity. ECF No. 13 at 5-6. The Court treats Plaintiff's claims against the Western Regional Jail as claims against the West Virginia Division of Corrections and Rehabilitation.

Aboulhosn notes that "[t]he dismissal of a defendant is appropriate where the defendant's sole involvement in an action is related to the administrative remedy process." *Id.*

Plaintiff objects to the dismissal of Superintendent Aldridge. Obj. at 4. He emphasizes that Aldridge was indifferent to misconduct identified in a large number of grievances. He claims that he filed grievances regarding his inability to access the law library, various religious texts, and a prayer mat. Plaintiff alleges that, after he filed grievances complaining that he could not access religious texts on a tablet at all times of day, Aldridge said he was not concerned about the ability to read religious texts 24/7 and not responsible for "catering" to people with religion. Compl. at 7-8. He also alleges that, after all of these problems, Defendant Bleavins served Plaintiff a religious tray with a dead mouse on it. Compl. at 8. Plaintiff argues that these were not isolated incidents. He argues that there were many incidents of misconduct by Aldridge's subordinates, Aldridge's signature was on every grievance citing misconduct, and Aldridge spoke to Plaintiff "personally on matters." Obj. at 4-5.

To state a supervisory liability claim, a plaintiff must allege: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *McKelvey v. W. Reg'l Jail*, No. CV 3:13-22206, 2016 WL 1090619, at *4 (S.D.W. Va. Mar. 21, 2016) (citing *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)); *see also Danser v. Stansberry*, 772 F.3d 340, 350 (4th Cir. 2014) ("A supervisor may be held liable under a tacit authorization

theory if that supervisor fails to take action in response to a known pattern of comparable conduct occurring before the incident at issue took place.") (citation omitted).

Federal courts in this state regularly reject the argument that denying administrative grievances constitutes sufficient personal involvement to state a constitutional claim against a supervisor in a jail or prison. *See, e.g., Hill v. Milam*, No. 5:18-CV-00994, 2019 WL 4180155, at *5 (S.D.W. Va. Sept. 3, 2019); *Lowe v. Matheney*, No. 2:13-CV-22416, 2015 WL 5795867, at *9 (S.D.W. Va. Sept. 30, 2015); *Fellove v. Heady*, No. 3:05-cv-34, 2008 WL 196420 *4 (N.D.W. Va. Jan. 22, 2008). Plaintiff's only other allegation against Aldridge amounts to little more than Aldridge explaining the tablet policy to Plaintiff.[2] A supervisor's conduct during the grievance process may be so inadequate as to establish supervisory liability. *See McKelvey*, 2016 WL 1090619, at *4 (denying motion to dismiss where supervisor received but never investigated reports that correctional officers assaulted, threatened, harassed, and beat the plaintiff on three occasions). But Plaintiff's allegations do not rise to that level. Accordingly, the Court denies Plaintiff's objection.[3]

---

[2] To the extent that Plaintiff's objection asserts that denying him access to the tablet at all times of day constitutes a violation of the First Amendment, the Court denies that objection. *See, e.g., Nance v. Seabolt*, No. 1:22-CV-20, 2023 WL 2307090, at *3-4 (M.D.N.C. Mar. 1, 2023), *report and recommendation adopted*, No. 1:22-CV-20, 2023 WL 2742703 (M.D.N.C. Mar. 31, 2023) (dismissing claim that policy limiting access to tablets violated First Amendment).

[3] Magistrate Judge Aboulhosn considered Plaintiff's request to add Commissioner Betsy Jividen as a defendant because she "affirmed all these wrongdoings" by failing to find in Plaintiff's favor when grievances were filed and appealed. *See* PF&R at 9, 12-14. As with the allegations against Aldridge regarding his involvement in the grievance process, Plaintiff has failed to state a claim against Jividen. The Magistrate Judge recommended that Plaintiff's motion to include Jividen as a defendant be denied as futile. To the extent that Plaintiff objects to the PF&R as to this recommendation, the Court denies that objection because Plaintiff has not stated a claim against Jividen.

### III.    Objection to Dismissal of Jo Moore

Magistrate Judge Aboulhosn considered whether Plaintiff stated a plausible claim that Defendant Jo Moore violated his First Amendment right to send and receive mail. *See* PF&R at 31. He considered Plaintiff's Complaint and Amended Complaint. *See id.* at 30. He evaluated Plaintiff's allegations that Moore withheld his mail while Plaintiff was in segregation and found that he did not state a cognizable First Amendment claim. *See id.* at 31-32. He noted that "it is well recognized that relatively isolated or short-term disruption in an inmate's mail does not rise to the level of a constitutional deprivation." *Id.* at 31.

Additionally, Magistrate Judge Aboulhosn construed Plaintiff's allegations against Moore as allegations that she violated his free exercise rights because he did not receive certain religious books he ordered. PF&R at 24. Plaintiff argued that his grievances established constitutional violations. Magistrate Judge Aboulhosn reviewed Plaintiff's grievances:

> Defendant Moore advised Plaintiff that his religious books would be provided as long as he did not exceed the book number limit. It appears Plaintiff ordered four religious books, but these books were returned to the sender because Plaintiff did not accept the ordered books in a timely manner. Plaintiff complains that he was not timely notified that the ordered books had arrived, and by the time Plaintiff traded-in books so that he could take possession of the ordered books, the ordered books had already been returned to the sender. Plaintiff, however, was notified by Defendant Moore that Plaintiff could reorder the religious books. A review of the grievances reveal that the ordered books were not provided to Plaintiff because such would have resulted in Plaintiff exceeding his book limit. Plaintiff's filings further reveal that Plaintiff requested and received a tablet so he could have additional religious material.

PF&R at 24 (internal citations omitted). Magistrate Judge Aboulhosn found Plaintiff's allegations did not rise to the level of a substantial burden placed on the exercise of his religious beliefs because he did not sufficiently allege that he was without adequate alternative methods to complete his religious studies. PF&R at 24-25. Specifically, "he was able to possess five religious books and/or a tablet." *Id.* at 25.

Plaintiff objected to these findings. Plaintiff states that he was in segregation from December 24, 2023 to February 27, 2024. Compl. at 6. During this time, he did not receive all of his mail, including some mail that would not load on a tablet. *See id.* at 7. In his objection, Plaintiff restates these complaints and writes that "[t]he court has acknowledged [Moore] violated his rights then in the same paragraph excuses her behavior." Obj. at 4. He writes, "the facility has to this present day not given Inmate Baisi his mail, the responses have been from Jo Moore, 'You were told your not getting your mail.' That grievance has been sent to the court as evidence." Obj. at 2. The Court has reviewed Plaintiff's exhibits and identified a dispute during which Plaintiff was told he would not receive mail. Plaintiff attached an exhibit in which he described mailing himself a copy of a book for copyright purposes so that he could attach the printed copy to "a motion being entered as reason for bond." *See* ECF No. 20-14. Superintendent Aldridge noted at the bottom of this exhibit: "You were told before you mailed copy of book to yourself that you would not be provided a printed copy from facility." ECF No. 20-14. Plaintiff also attached a handwritten certificate of service stating that he was "mailing an original copy of the Revelated Truth to myself for intensive copyright purposes via U.S. Postal Mail on 9 February 2024 to the address listed below." ECF No. 20-13.

The Court reviews the entirety of Magistrate Judge Aboulhosn's analysis of the alleged First Amendment violations. First, the Court considers the Plaintiff's claim that Moore violated his First Amendment right to send and receive mail. Incarcerated people have a First Amendment right to send and receive mail. *Thornburgh v. Abbott*, 490 U.S. 401, 407-08 (1989). But "[i]solated or inadvertent incidents of lost mail, mail tampering, or the mishandling of mail are not actionable under § 1983." *Wilson v. United States*, 332 F.R.D. 505, 525 (S.D.W. Va. 2019); *see also Scott v. Bristol City Jail*, No. 7:10CV00379, 2010 WL 4449555, at *1 (W.D. Va. Oct. 29, 2010) (holding

that isolated incidents of mail mishandling do not rise to the level of a constitutional violation); *Pearson v. Simms*, 345 F. Supp. 2d 515, 519 (D. Md. 2003), aff'd, 88 Fed. Appx. 639 (4th Cir. 2004) (holding that "occasional incidents of delay or non-delivery of mail" are not actionable under § 1983); *Sizemore v. Willford*, 829 F.2d 608, 610 (7th Cir. 1987) (persistent short-term delays in receipt of mail did not constitute a constitutional deprivation). The Court finds that Plaintiff's allegations do not rise to the level to state a constitutional claim. Plaintiff's allegations include isolated incidents, most of which occurred during his time in segregation, as well as inadvertent incidents when the tablet malfunctioned. Plaintiff has not alleged more than a temporary deprivation of access to mail.[4]

Second, the Court considers the Free Exercise claim. "To make a Free Exercise claim, a prisoner must first show, as a threshold matter, that a prison practice or regulation violates his Free Exercise rights before showing that the prison's policies are not 'reasonably related to legitimate penological interests.'" *Firewalker-Fields v. Lee*, 58 F.4th 104, 114 (4th Cir. 2023) (citing *Ali v. Dixon*, 912 F.2d 86, 89 (4th Cir. 1990)). "Under Fourth Circuit precedent, the threshold showing is two-pronged: A prisoner must show (1) that he holds a sincere religious belief and (2) that his religious practice has been substantially burdened by the prison policy or practice." *Firewalker-Fields*, 58 F.4th at 114. Magistrate Judge Aboulhosn assumed that Plaintiff holds a sincere religious belief for the purpose of considering Defendant Moore's motion to dismiss. PF&R at 24. This Court does the same.

---

[4] To the extent that Plaintiff's objection asserts that the jail violated his First Amendment rights when it refused to print, at the jail's expense, a copy of a book that Plaintiff mailed to himself, the Court denies that objection. *See* Obj. at 2; ECF Nos. 20-13, 20-14. As discussed herein, Plaintiff is not entitled to his preferred medium for religious material. Further, it is not clear that Plaintiff's First Amendment right to communicate with the outside world is implicated when he sends mail to himself.

"[A] substantial burden is one that puts substantial pressure on an adherent to modify his behavior and to violate his beliefs or one that forces a person to choose between following the precepts of her religion and forfeiting governmental benefits, on the one hand, and abandoning the precepts of her religion on the other hand." *Greenhill v. Clarke*, 944 F.3d 243, 250 (4th Cir. 2019) (quoting *Lovelace v. Lee*, 472 F.3d 174, 187 (4th Cir. 2006)). A government action that merely makes the religious exercise more difficult or inconvenient does not place a substantial burden on an adherent's religious practice. *Pendleton v. Ames*, No. 2:21-CV-00249, 2023 WL 2541967, at *7 (S.D.W. Va. Mar. 16, 2023) (collecting cases).

Plaintiff alleged that he was denied access to religious materials on a tablet at certain times and denied access to certain books. Limits on the amount of religious material Plaintiff can have at one time, or denials of his preferred medium for religious material (i.e., paper or tablet), do not constitute a substantial burden on his religious practice. *See, e.g., Pendleton*, 2023 WL 2541967, at *7 (denying I-Bible was not a substantial burden); *Sullivan v. Younce*, No. 3:15-cv-10, 2017 WL 655175, at *9 (E.D. Va. Feb. 16, 2017) (removing purported religious materials from inmate's cell was not a substantial burden); *Heleva v. Kramer*, 330 Fed.Appx. 406, 409 (3d. Cir. 2009) (denying inmate literature "designed to uphold and strengthen [inmate's] faith in God" was not a substantial burden). Accordingly, the Court denies Plaintiff's objection.

**CONCLUSION**

The Court **DENIES** Plaintiff's objections and **ADOPTS** and **INCORPORATES** the Proposed Findings and Recommendation (ECF No. 71). The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.


ENTER:       March 31, 2025

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE